812

## UNITED STATES

v.

### Jose F. CARLOS Subsistence Specialist Second Class, U.S. Coast Guard.

**Docket No. 897.**
**CGCMS 23869.**

U.S. Coast Guard Court of Military Review.

22 Jan. 1988.

Trial Counsel: LCDR A.E. Brooks, USCG.

Defense Counsel: LT David S. Riley, USCGR.

Appellate Government Counsel: LCDR Arthur R. Butler, USCG.

Appellate Defense Counsel: LCDR Robert Bruce, USCG.

## DECISION

BAUM, Chief Judge:

At a special court-martial convened by the Commanding Officer, USCGC POINT EVANS (WPB–82354), appellant, a second class petty officer with over eighteen years service, pled guilty to one specification of unauthorized absence for 72 days, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. After the judge accepted appellant's pleas and entered findings of guilty to the charges and specifications, the court composed of three commissioned officers, a lieutenant (O–3), and two lieutenants junior grade (O–2), sentenced appellant to a bad conduct discharge, confinement for three months and reduction to pay grade E–1. That sentence was subsequently approved, but erroneously executed in its entirety by the convening authority, who was also a lieutenant junior grade.

Before this Court, appellant has assigned seven errors. Assignments II, III, IV and V are rejected summarily. Assignment I, which asserts that the accused's commanding officer was disqualified as an accuser from convening the court and taking post-trial action, is also rejected because we find no adequate basis in either the record or the pleadings before this Court to justify a determination that the convening authority is an accuser.

In assignment VI, appellant contends he was prejudiced by ineffective assistance of counsel. Here, too, we are unpersuaded by the appellant's arguments. The record of trial and allied papers document that defense counsel's conduct met acceptable standards of professional performance, satisfying the tests set forth by the Court of Military Appeals. *United States v. Scott,* 24 M.J. 186 (C.M.A.1987), *United States v. DiCupe,* 21 M.J. 440 (C.M.A.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 101, 93 L.Ed.2d 52 (1986), *United States v. Jefferson,* 13 M.J. 1 (C.M.A.1982), *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977). Accordingly, assignment of error VI is also rejected.

Assignment VII contends that a punitive discharge is inappropriately severe punishment for appellant. We agree. As noted at the outset, appellant is a petty officer with over eighteen years service in the Coast Guard. He has spent approximately

half of these 18 years at sea aboard various Coast Guard cutters, advancing in rate during this period to Subsistence Specialist First Class (E-6). In a post-trial petition for clemency submitted by trial defense counsel to the convening authority, and in service record entries attached to appellant's brief before this Court, there are numerous favorable matters in mitigation covering appellant's 18 year service, such as awards, favorable evaluation marks and letters of appreciation. In addition, there are possible matters in extenuation relating to marital difficulties that are revealed in defense counsel's response to the post trial legal officer's review. Medical entries offered at trial also reveal psychological pressures experienced by the accused when assigned to patrol boats. In our view, these matters have an important bearing on the determination of an appropriate sentence and possibly prompted two court members to make post trial recommendations for significant reduction of the sentence. They certainly weigh heavily with this Court in the fulfillment of our statutory responsibility to affirm only "such part or amount of the sentence . . . [which] on the basis of the entire record, should be approved." Article 66(C), Uniform Code of Military Justice, 10 U.S.C. § 866(c).

Given the extenuating and mitigating factors here, we would not have been surprised had the convening authority approved a lesser sentence in his action on the record. In this regard, we note that recent changes to the Uniform Code of Military Justice and Manual for Courts-Martial have removed general court-martial authorities from conducting an intermediate review in cases such as this one. Formerly, these flag officers would have exercised supervisory authority by reviewing and acting upon special courts-martial after initial action by convening authorities. Before forwarding the record to this Court, the experience and insight of such officers would be brought to bear on the approved sentence, often resulting in mitigation at that level. This oversight function is no longer performed, resulting in records being submitted directly to this Court after approval by convening authorities who may be relatively inexperienced in these matters.

At this, the next level of review, we have carefully considered the approved sentence after applying the combined broad experience of the judges of this Court. It is our collective viewpoint after review of this accused's first court-martial that, for this particular individual and this specific offense of 72 days unauthorized absence, a sentence which includes a punitive discharge and reduction to E-1 is disproportionate and should be reduced. Accordingly, the findings of guilty and only so much of the sentence as provides for confinement for three months and reduction to E-4 are affirmed. That portion of the sentence not affirmed is set aside. All rights, privileges and property of which the accused has been deprived by virtue of that portion of the sentence set aside shall be restored.

Judges BRIDGMAN, BURGESS, JOSEPHSON and BARRY concur.